UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-11494-GW-BFMx** | Date | February 3, 2026 |
|---|---|---|---|
| Title | ***Miguel Esparza v. Bigbadtoystore, Inc.*** | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |  |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:      IN CHAMBERS - ORDER REGARDING PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT**

On December 31, 2025, Plaintiff filed a Motion for Order Remanding Action to State Court (the "Motion"). *See* Motion, Docket No. 11. Defendant filed an opposition ("Opp.," Docket No. 12), and Plaintiff filed a reply ("Reply," Docket No. 14). On January 29, 2026, the Court issued a tentative ruling denying the Motion. Docket No. 19. On January 30, 2026, the Court heard oral argument from both parties and took the Motion under submission. The Court understands the primary issue presented by Plaintiff during oral argument to be related to whether Defendant timely removed this action upon its independent discovery of the removability of this action. Plaintiff raised the Ninth Circuit's decision in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013), in support of his position that Defendant had not timely removed. As the Court remains unpersuaded that removal is untimely, the Court adopts its Tentative Ruling as its Final Ruling.

In *Roth*, the Ninth Circuit explained as follows:

> We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines. For good reason, § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff. A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so. But neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-11494-GW-BFMx** | Date | February 3, 2026 |
|---|---|---|---|
| Title | ***Miguel Esparza v. Bigbadtoystore, Inc.*** | | |

*Id.* at 1125.  The Ninth Circuit clarified that "in a CAFA case, [such as the instant action], there is no . . . time limit.  A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under §1446(b)(1) and (b)(3) has been triggered." *Id.* at 1126 (citing 28 U.S.C. § 1453(b)).  Recognizing that "[i]t is . . .  at least theoretically possible in a CAFA case for a defendant to wait until the state court has shown itself ill-disposed to defendant, or until the eve of trial in state court, before filing a notice of removal," the Ninth Circuit indicated that "plaintiffs are in a position to protect themselves" and as such, "need only provide to the defendant a document from which removability may be ascertained"if they "think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment." *Id.*  "Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove." *Id.*

While Defendant may have long had knowledge that the putative class size would number in the thousands, Plaintiff has not presented any pleading or other paper from which the *amount in controversy* may be ascertained.[1]  That there is mention of Cal. Penal Code  § 637.2 in the Complaint, *see* Docket No. 1-3, at ¶ 17, without any specification of the actual damages permitted under such statute does not mean that Defendant was on notice of removability.  In other words, Plaintiff has not – and cannot – point to any allegations in the Complaint to show that the amount in controversy can be ascertainable such that the Complaint is "removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The Ninth Circuit has made it clear that "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (quoting *Roth*, 720 F.3d at 1125).  It was only upon Defendant's independent investigation that Defendant became aware that this action was removable.  "Perhaps Defendant *could have* arrived at that conclusion when the complaint was filed, but that is a different issue from whether it had to.  And strictly construed (as it must be), the removal statute's text could not clearer that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.'" *Iniquez v. Ford Motor Co.*, No. 2:25-CV-00055-SK, 2025 WL 1042712, at *3 (C.D. Cal. Mar. 21, 2025) (emphasis and alteration in original).  Plaintiff does not identify any other later paper that would have placed Defendant on notice of removability.  Accordingly, Defendant has "not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) [and] may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Roth*, 720 F.3d at 1123.

To the extent Plaintiff insists on Defendant's disclosure of precisely when Defendant conducted its independent investigation and determined that the instant action was removable under CAFA, the Court finds that the timing of this investigation is irrelevant because CAFA cases may be removed at any time so long as the two thirty-day periods have not been triggered.  *See Roth*, 720 F.3d at 1125; *see also Andrade*

---

[1] "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-11494-GW-BFMx** | Date | February 3, 2026 |
|---|---|---|---|
| Title | ***Miguel Esparza v. Bigbadtoystore, Inc.*** | | |

*v. Beacon Sales Acquisition, Inc.*, No. 2:19-cv-06963-MCS-(RAOx), 2019 WL 4855997, at \*3 (C.D. Cal. Oct. 1, 2019) (finding no "requirement" for the defendants "to specify *when* they learned that the case was removable" (emphasis in original)).  Plaintiff has not indicated that he provided Defendant with any document from which Defendant could have discovered grounds for removability.  As such, Plaintiff has not shown that either of the thirty-day periods were triggered and, therefore, that Defendant's removal was untimely.  *See Garcia v. Cent. Coast Rests., Inc.*, No. 3:18-cv-02370-RS, 2018 WL 6267829, at \*2 (N.D. Cal. June 26, 2018) (indicating that "Defendants were . . . entitled to file notice of removal on their own timetable, pursuant to their own investigation" where the plaintiff "provided defendants with no indication either in her complaint or subsequent 'other papers,' of this case's removability").

Plaintiff's reliance on the Ninth Circuit's unpublished, and thus non-precedential, decision in *Goodman v. Well Fargo Bank, N.A.*, 602 Fed. App'x 681, (9th Cir. 2015), is unavailing.  In *Goodman*, the Ninth Circuit relied on its decision that same year in *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178 (9th Cir. 2015), which held that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction."  *Id.* at 1180.  In *Jordan*, there had already been a basis for removal upon the filing of the plaintiff's initial complaint under § 1331 for alleged violations of the Fair Debt Collection Practices Act.  *Id.* at 1184.  More than two years after the filing of the initial complaint, the state court certified the plaintiff's proposed class and the plaintiff specified during discovery that the total amount in controversy exceeded $25 million.  *Id.*  The Ninth Circuit observed that, at this point, the case became removable under CAFA.  *Id.*  The Ninth Circuit concluded that the defendant's removal under CAFA was timely even though it occurred more than two years after the case became removable on different federal question grounds.  *See id.*  Interpreting CAFA's provisions under § 1331 broadly in favor of removal, the Ninth Circuit in essence held that the thirty-day removal clock is reset when a defendant discovers that a case is removable under CAFA, even if the defendant was previously aware of a different basis for federal jurisdiction.  *See id.*  That situation is not present here where, as already discussed, neither of the thirty-day periods were triggered because there was no document from which Defendant could have determined that there were any grounds for removal.  In short, the Court disagrees with Plaintiff to the extent he believes removal must occur within thirty days of a defendant's determination that a case is removable under CAFA based on its own independent investigation.  Indeed, *Roth* provides that "a CAFA case may be removed *at any time*, provided that neither of the two thirty-day periods under §1446(b)(1) and (b)(3) has been triggered."  *See Roth*, 720 F.3d at 1125 (emphasis added).

Based on the foregoing discussion, the Court adopts its Tentative Ruling as its Final Ruling. The Court DENIES the Motion.

**IT IS SO ORDERED.**

3